**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-00-338(2) |
| | § | |
| JULIO CESAR VELASQUEZ, | § | |
| Defendant-Movant. | § | |

**ORDER DENYING LETTER MOTION FOR
TRANSCRIPT AT GOVERNMENT EXPENSE**

By Order and final judgment entered May 10, 2005, the Court denied Movant Julio Cesar Velasquez's ("Velasquez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 128).[1] (D.E. 129, 130.) Velasquez appealed, and the Fifth Circuit dismissed his appeal for want of prosecution on July 22, 2005. (D.E. 145.)

On December 9, 2008, more than three years later, the Clerk received from Velasquez a letter requesting a copy of the docket sheet, which the Clerk sent him. (D.E. 166.) On December 22, 2008, the Clerk received from Velasquez a letter motion requesting a copy of his "current sentencing transcripts" at government expense. (D.E. 167.) He explains that he needs the transcripts in order to pursue his "Apellate Avenues [sic]." (D.E. 167 at 1.)

Velasquez has not shown any entitlement to transcripts at government expense. Assuming that Velasquez could establish that he is indigent,[2] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United

---

[1] Dockets entries refer to the criminal case, C-00-cr-338.

[2] Velasquez has not submitted an *in forma pauperis* application or other documents showing financial information that would establish his indigency. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to Velasquez's financial ability to obtain transcripts.

1

States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Velasquez's appeal from the denial of his § 2255 motion was dismissed in July 2005, more than three years ago. He has no active proceedings before this Court. While he claims that he needs documents and transcripts in order to pursue appellate avenues, he has already filed a § 2255 motion, and there is nothing for him to appeal at this time. Accordingly, he has not shown that he is entitled to a transcripts or other portions of the record at government expense. See 28 U.S.C. § 753(f).

For the foregoing reasons, Velasquez's letter motion for a copy of his sentencing transcript at government expense (D.E. 167) is DENIED. If Velasquez is interested in receiving a copy of the sentencing transcript or other documents at his own expense, he may contact the Clerk to ask for instructions as to how to order a transcript and to find out the cost.

It is so ORDERED this 30th day of December, 2008.

_____
Janis Graham Jack
United States District Judge